JOHN BALAZS, Cal. Bar #157287
Attorney At Law
916 2nd Street, 2nd Floor
Sacramento, California 95814
Telephone: (916) 447-9299
Fax: (916) 447-9299
John@Balazslaw.com

Attorneys for Defendant
TAMI KISHI DEANDA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-S 09-0054-WBS |
| Plaintiff, | |
| v. | STIPULATION RE: RESENTENCING OF TAMI KISHI DEANDA |
| TAMI KISHI DEANDA, | |
| Defendant. | Hon. William B. Shubb |

In a Memorandum Decision filed May 11, 2011, the Ninth Circuit vacated defendant Tami Kishi Deanda's sentence and remanded for resentencing. *U.S. v. Deanda*, No. 10-10336 (9th Cir. May 11, 2011). On remand, the defendant Deanda, through her attorney John Balazs, and the the United States, through its counsel, Assistant U.S. Attorney Kyle Reardon, hereby stipulate and request that Deanda be resentenced to time-served with all other aspects of the original sentence remaining the same for the following reasons:

1.      On November 9, 2009, defendant Tami Deanda pled guilty to one count of possession of a counterfeit U.S. currency in violation of 18 U.S.C. § 472. At a sentencing hearing on June 28, 2010, the district court determined that Deanda's total offense level was a 13 as follows: base offense level of 9 under U.S.S.G. § 2B5.1, an enhancement to a minimum offense level of 15 for assisting in the manufacturing or production of counterfeit currency under U.S.S.G. § 2B5.1(b)(2)(A), and a 2-level

reduction for acceptance of responsibility under U.S.S.G. § 3E.1.1(a).  With a criminal history category V, Deanda's resulting guideline range was determined to be 30-37 months.  Pursuant to U.S.S.G. § 5K1.1, the government recommended a sentence of 27 months imprisonment.  After considering the government's motion under § 5K1.1 and all the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Deanda to 24 months imprisonment.

2.  On appeal, the Court held that the government presented insufficient evidence to meet its burden of proving the manufacturing counterfeit currency enhancement by at least a preponderance of the evidence.  Upon resentencing, the government has decided not to present additional evidence regarding the enhancement.  The parties thus stipulate that Deanda's sentencing guidelines should be recalculated without the manufacturing enhancement to a total offense level of 7 (base offense level of 9, minus 2 levels for acceptance of responsibility).  With the same criminal history of category V and an offense level of 7, Deanda's guideline offense level would be 12-18 months.  Moreover, with the deletion of 1 criminal history "recency" point from the current guidelines that went into effect November 1, 2010, *see* Supp. to Appendix C to Guidelines Manual, Guidelines Amendment 742 (deleting recency points from § 4A1.1(e)), Deanda now has only 9, not 10, criminal history points and is in criminal history category IV.  Since Deanda is entitled to be resentenced using the guidelines in effect at resentencing, her guideline range would now be 8-14 months.

3.  Deanda has now served more than 16 months in the custody of the Bureau of Prisons and has been transferred to a residential reentry center (formerly called CCC) in Oakland, California to complete her sentence.  With the original 24 month sentence, the Bureau of Prisons website calculates her release date as September 24, 2011, which assumes she receives all applicable good time credit.  On remand for resentencing, the parties thus stipulate and request that the Court resentence Deanda to time served.  The parties agree that this sentence is appropriate in light of all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  The parties also agree that all other aspects of Deanda's sentence on June 28, 2010, including the 3-year term of supervised release and , shall remain the same.

4.  As part of this stipulation, if accepted by the Court, Deanda agrees to give up her right to appeal and to collaterally attack her sentence on remand under 28 U.S.C. §§ 2255 or 2241 or otherwise.

5.  Defendant Tami Kishi Deanda has completed the prison component of her federal sentence

and is currently incarcerated at the federal halfway house in Oakland, California.  According to the Bureau of Prison's website, her expected release date is September 24, 2011.  Deanda has been advised of his right to be present for resentencing.  Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), Deanda has executed the attached waiver of his right to be present at any re-sentencing proceeding.  She also waives his rights to be present and to allocution at re-sentencing.  She also agrees to the stipulated sentence of time-served with all other aspects of the original sentence imposed on June 28, 2010, including a 3-year term of supervised release, to remain the same.

Respectfully submitted,

DATED: May __23__, 2011

/s/ John Balazs
JOHN BALAZS
Attorney for Defendant
TAMI KISHI DEANDA

DATED: May 23, 2011

McGREGOR W. SCOTT
U.S. Attorney

By: /s/ Kyle Reardon
KYLE REARDON
Assistant U.S. Attorney

Attorney for Plaintiff
United States of America

**DEFENDANT TAMI KISHI DEANDA'S
WAIVER OF PRESENCE AT RE-SENTENCING**

I, Tami Kishi Deanda, am currently incarcerated at the federal halfway house in Oakland, California. I have been advised of my right to be present for re-sentencing. I knowingly and voluntarily waive my right to be present and my right to allocution at re-sentencing. I also agree to the stipulation for a time-served sentence with the 3-year period of supervised release and all other aspects of the original sentence imposed on June 28, 2010 remaining the same.

DATED: May __23__, 2011

                                                  /s/ Tami Kishi Deanda
                                                TAMI KISHI DEANDA
                                                Defendant

[Original signature on file]

**ORDER**

For the reasons set forth in the attached stipulation of the parties, on remand from appeal, the Court hereby re-sentences defendant Tami Kishi Deanda to time-served in *United States v. Deanda*, CR S 09-0054-WBS. All other aspects and conditions set forth in the judgment filed on June 28, 2010 shall remain the same. The clerk is directed to issue an amended judgment reflecting the new sentence.

Dated: May 26, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5